Judge Csenshaiy
delivered the opinion of the Court.
This suit was instituted in the Louisville Chancery Court, by G. W. Burnett, by his guardian and next friend, James F. Gamble, against Alexander S. Burnett, and others.
G. W. Burnett, the complainant, is the son of the said Alexander S. Burnett, and is the owner of a house and lott, in the town of New Albany, Indiana, conveyed to him by his grand-mother, about the year 1830. . At that time, the complainant was only a few months old. His Father, as his natural guardian, took possession of it, and, since about the year, 1831, to the institution of this suit, has either occupied, or, rented it out; and, on the 17th day of February, 1848, he was,, by the probate Court of the county of Floyd, Indiana,, made statutory guardian of the person, and estate, of his said son.
When the complainant was only a few years old, his-grand-mother brought him with her to Kentucky, under the promise that she would raise and educate him;, and he has lemained in this State, except a short interval, ever since; and without having any estate here, so far as the record shows, his uncle, the said James F. Gamble, was appointed his guardian by the Jefferson County Court.
The complainant alleges, that the said Alexander S. Burnett, is indebted to him in the sum of $6000, for the rents of said lot, and prays a decree therefor. The bill was dismissed by the Court below, and the complainant has brought the case to this Court by appeal.
The Court o-f K»ituc!¡", have no authouiy to appoint guardians to infanis, ■who have fath-eis living, unless they have porperty in the State.
The genera] rule is that guardians are to be responsible to their wards through the action of the Courts of the State, where they are appointed.
Story, in his Conflict of Laws, page, 849, saysi “There is no question whatsoever, that according to the doctrine of the common law, the rights of foreign guardians are not admitted over immovable property, situate in other countries. Those rights are deemed to be strictly territorial, and are not recognized, as having any influence upon such property in other countries, whose systems of jurisprudence embrace different regulations, and require different duties and arrangements. No one has ever supposed, that a guardian, appointed in any one State of this Union, had any right to receive the pro-fits, or to assume the possession,of the real estate oí his ward in any other Slate, withou t having received a due appointment from the proper tribunals of the State, where it is situate.”
.Again he says, same page: The same ruléis applied' by the common law to movable property, and has been fully recognized both in England and America. No foreign guardian can, virtute officii, exercise any rights or powers, or functions, over, the movable property of his ward which is situated in a different State or country, from that, in which he has obtained his letters of guardianship. # * Few decisions upon the point are to be found in the English or American authorities, probably, because the principle has always been taken to be unquestionable, founded upon the close analogy of the case of foreign executors and administrators.” If it were conceded, therefore, that the Jefferson County Court had authority to appoint the guardian by whom the infant sues in this case, it is clear, that he has no right to recover the rents of said lot, lying as it does, in Indiana, even had he been the only guardian. Much less, can he recover those rents and profits from the rightful guardian of that State. But, the Jefferson County Court had no authority to appoint a guardian for the complainant, his father being alive, unless he had property in this State, and it appears he has none.
Without deciding whether-a state of case might not be presented in which it would be proper, upon the- *325 application of the ward,- by his next friend for the Courts of this country to take jurisdiction of a suita-gainst a foreign guardian to recover, or secure the estate of his ward, no such case is presented by this record. Ordinarily, the Courts of the country where the appointment is made, and where the guardian resides, have jurisdiction of suits against him, and he cannot be1 held to account elsewhere. There is nothing in this case to show that it would be proper to make it an exception to the general rule. It is merely alleged that the father and guardian has paid very little attention to him, and that it is important he should be sent to school, and his guardian appointed in Kentucky, cannot do so, without money to pay for it. Let him return to .the domicil of his father, which is his proper home., and then, if the father and guardian, fail to discharge his duty, the Courts of Indiana will, doubtless, compel|him to do to. But, he appears to have no inclination to reside there, as he was once taken home by his uncle, where he remained but a short time, before he returned to Louisville.
Speed for appellant; Guthrie <§■ Tyler, and Lough-borough Sf Ballard, for appellees.
Were it recognized as a general principle, that a ward might sue his guardian in any State in which he might be temporarily found, and there compelled to adjust and settle his accounts, it would lead to great vexation, trouble, and difficulty ; but, to allow the individual funds of a foreign guardian, when he is not even found here, to be enjoined, as in this case, without any allegation, showing the slightest necessity for it, and drawing the guardian from his domicil, and the place of his appointment before a foreign tribunal, to» settle his accounts, would be still worse. The Louisville Chancery Court, rightfully dismissed the bill without prejudice.
Wherefore the decree is affirmed.